UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES A. KNOPPE, on behalf of himself
and all other similarly situated,                                    Plaintiffs,

v.                                                       Civil Action No. 3:18-CV-264-RGJ

LINCOLN NATIONAL LIFE INSURANCE
COMPANY, KENTUCKY DEPARTMENT
of INSURANCE, and NANCY G. ATKINS,
COMMISSIONER,                                                       Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Charles A. Knoppe's ("Knoppe") Motion to Remand [DE 6] and the Motion to Dismiss [DE 10] filed by Defendants Kentucky Department of Insurance ("DOI"), and Insurance Commissioner, Nancy G. Atkins ("Commissioner"). The matters are ripe. For the reasons below, the Court **DENIES** Knoppe's Motion to Remand; and **GRANTS** the DOI's and Commissioner's Motion to Dismiss.

## BACKGROUND

Knoppe brought this class action complaint against defendants Lincoln National Life Insurance Company ("Lincoln"), the DOI, and the Commissioner in Nelson County Circuit Court. [DE 1-2 at ¶¶ 43–69]. Knoppe is an insured under a long-term disability insurance policy issued by Lincoln to the City of Bardstown for its Kentucky resident employees. [*Id*. at ¶ 4, 10]. Lincoln then removed to this Court based on subject-matter jurisdiction. [DE 1 at ¶ 5].

This class action complaint alleges breach of contract, bad faith, unfair claims settlement practices under KRS § 304.12–230, and unfair and deceptive practices under KRS § 304.12-010. [DE 1-2 at ¶¶ 43–59]. Knoppe alleges that Lincoln calculated improperly, and continues to

1

calculate improperly, the monthly long-term disability benefits payable under the insurance policy to Knoppe and others similarly situated. [DE 1-2 at ¶ 4]. Knoppe states that Lincoln is wrongfully reducing benefits because of his receipt of compensation from the Kentucky Retirement System. [*Id*. at ¶ 20]. Knoppe also alleges that the DOI's and Commissioner's approval of the policy, or failure to deny it, violates Kentucky insurance code and law. [*Id*. at ¶ 5]. Knoppe seeks a writ of mandamus and declaratory relief against the DOI and Commissioner. [DE 1-2 at ¶¶ 60–69].

Lincoln removed to federal court on diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a). [DE 1 at ¶ 5]. Lincoln alleges that there is diversity among Knoppe, who is a citizen of the state of Kentucky, and Lincoln, a citizen of the State of Indiana and Commonwealth of Pennsylvania. [DE 1 at ¶¶ 5-7]. Lincoln alleges that the Court should disregard the Kentucky citizenship of the DOI and Commissioner under the doctrine of fraudulent joinder. [*Id*. at ¶ 8]. Lincoln asserts that the amount in controversy is satisfied as to Knoppe's individual claim, but even if it were not, it is satisfied as to the class under the Class Action and Fairness Act. [DE 1 at ¶¶ 10, 13].

Knoppe now moves to remand this matter to Nelson Circuit Court. [DE 6]. Knoppe argues that the DOI and Commissioner are not fraudulently joined, so no diversity exists, and the amount-in-controversy is not satisfied. [*Id*.]. Additionally, the DOI and Commissioner move to dismiss, arguing Knoppe's failure to state a claim against them. [DE 10].

## DISCUSSION

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Court should determine federal jurisdiction in a diversity case at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

### A. Diversity Jurisdiction

Lincoln alleges that Knoppe fraudulently joined defendants DOI and Commissioner. Thus, Lincoln asserts this Court has subject-matter jurisdiction based on diversity of citizenship of the properly joined parties, under 28 U.S.C. §§ 1332(a) and 1441(a). [DE 1 at ¶ 5].

The removing party bears the burden of proving fraudulent joinder and removal statutes must be strictly construed in a light most favorable to the non-removing party. *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989). "In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *In re Welding Rod Prod. Liab. Litig.*, No. 1:03-CV-17000, 2004 WL 1179454, at *3 (N.D. Ohio May 21, 2004) (citing *Wilson v. United States Dep't of Agriculture, Food & Nutrition Service,* 584 F.2d 137, 142 (6th Cir. 1978)).

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). To determine whether the non-removing party has a colorable claim against a party, the Court considers whether the claim is so baseless that it has no hope of success. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). The Court's task is not to provide an authoritative answer on the merits of the case but determine whether the plaintiff has provided a non-fraudulent basis for recovery against a non-diverse party. *In re Welding Rod Prod.*

3

*Liab. Litig.*, No. 1:03-CV-17000, 2004 WL 1179454, at *3 (N.D. Ohio May 21, 2004). To determine whether a Plaintiff has provided a non-fraudulent basis, the Court must find that a jury could reasonably conclude that one of the non-diverse parties is liable. *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 598 (E.D. Ky. 2011).

The DOI and Commissioner argue that even assuming the Commissioner's allegedly inadequate regulatory action supports mandamus relief (which they argue it cannot), Knoppe has no colorable cause of action against the DOI and Commissioner because he failed to exhaust administrative remedies under the Kentucky Insurance Code, KRS § 304.2-165. [DE 1 at ¶ 8(e)].

Under Kentucky law, when administrative remedies exist, they must be exhausted before seeking judicial relief. *Bulldog's Enterprises, Inc. v. Duke Energy*, 412 S.W.3d 210, 212 (Ky. App. 2013). "Proper judicial administration mandates judicial deference until after exhaustion of all viable remedies before the agency vested with primary jurisdiction over the matter." *Id.* (quoting *Board of Regents of Murray State University v. Curris*, 620 S.W.2d 322, 323 (Ky. App. 1981). Exhausting administrative remedies prevents the filing of premature claims and allows agencies, which have expertise in the area, to correct its own errors and create a record for future judicial review. *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471 (Ky. 2004). The doctrine of exhaustion of administrative remedies does not preclude judicial relief but promotes efficiency and adherence to agency processes. *Id.* at 471. A party's failure to pursue administrative remedies deprives a reviewing court of jurisdiction, compelling dismissal. *Id.* at 473.

Kentucky statutes provide a detailed administrative process to seek relief for violating Kentucky insurance statutes and regulations. KRS §§ 304.2-165 provides the statutory right to seek the Commissioner's review by filing a complaint to the DOI. The Commissioner can call,

under her discretion, or a party can request, an evidentiary hearing on the dispute. KRS § 304.2-310. If an insurer's policy form violates the Insurance Code, the Commissioner may disapprove or withdraw the Department's previous approval of a policy form under KRS §§ 304.14-120(2) and to compel compliance under threat of license revocation, suspension, or civil penalties. *See generally* KRS 304.2-100; KRS 304.2-120; KRS 304.2-130; KRS 304.2-140; and KRS 304.99-020; *see also Commonwealth ex rel. Chandler v. Anthem Ins. Companies, Inc.*, 8 S.W.3d 48, 53 n. 1 (Ky. App. 1999) (noting review available by Commissioner in dismissing complaint under the "filed rate doctrine"). Finally, if a party disagrees with the outcome of the administrative process the party may seek judicial review in Franklin Circuit Court. KRS § 304.2-370.

Knoppe does not argue that he exhausted this remedy and the record does not reflect that Knoppe filed a complaint with the Commissioner or DOI. Instead, Knoppe argues that he did not have to exhaust his administrative remedies. [DE 6 at 1(e)]. This argument fails because, with limited exception, Kentucky courts defer to the doctrine of exhaustion to promote uniform regulation and consistency. *Preston v. Meigs*, 464 S.W.2d 271, 273 (Ky. 1971). Kentucky recognizes two exceptions to the doctrine of exhaustion where: 1) a regulation is void on its face; or 2) continuation of the administrative process would be an exercise in futility. *Bd. of Trs. of Ky. Ret. Sys. v. Commonwealth*, 251 S.W.3d 334, 339 (Ky. App. 2008). Knoppe's case does not fall within either exception. First, Knoppe does not argue the regulation in question is void on its face.

Nor has Knoppe shown futility. Knoppe argues he need not use the administrative process because "it is unclear whether the DOI or the Commissioner can require Lincoln to pay benefits." [DE 6 at 13, PageID 309]. But Knoppe's claims against the DOI and Commissioner are related not to Lincoln's failure to pay benefits but to the Commissioner's approval decision. [*Id.* at 9, 11, PageIDs 305, 307.] Knoppe's claims against the DOI or Commissioner do not require Lincoln to

5

pay benefits. Instead, Knoppe asks the DOI and Commissioner to overturn their previous decision—an action which the DOI and Commissioner are empowered to take under KRS §§ 304.14-120(2). Thus, Knoppe has not shown that filing a complaint with the DOI and Commissioner would be an exercise in futility. Without an exception, Knoppe must first exhaust his remedies under the insurance code, after which he may seek judicial review. KRS § 304.2-370.

Knoppe seeks redress of "the Commissioner's failure to comply with her statutorily required ministerial duties" [DE 6 at 14, PageID 310]. Because administrative remedies exist to correct the error alleged by Knoppe, he must first exhaust before seeking judicial relief. *Bulldog's Enterprises*, 412 S.W.3d at 212.[1] Knoppe has not exhausted his administrative remedies. [DE 1 at 8(e), DE 1-2]. Exhaustion does not permanently deprive him of judicial review. Rather, it allows the administrative agency, which is statutorily authorized and best equipped, to address Knoppe's claims before a court exercises jurisdiction. Because Knoppe did not provide the DOI with the opportunity to correct its own alleged error, Kentucky state courts would lack jurisdiction over his claims, regardless of their merit. As a result, Knoppe's claims do not present a colorable cause of action relief against the DOI and Commissioner. Thus, the DOI and Commissioner are improperly joined and disregarded for diversity jurisdiction. Knoppe's motion to remand [DE 6] is denied.

In addition, because Knoppe has not exhausted his administrative remedies against the DOI and Commissioner, his claims against the DOI and Commissioner will be dismissed without prejudice and the DOI's and Commissioner's Motion to Dismiss [DE 10] is granted.

---

[1] The Defendants also argue that Knoppe fails to state a claim for mandamus relief because Knoppe has no legal relief from the Commissioner for provisions of his insurance policy and because the Kentucky Insurance Code provides Knoppe a remedy for prohibited policy provisions. [DE 11 at 357–61]. That said, because Knoppe needed to exhaust administrative remedies, the Court need not reach this issue.

Because Knoppe and Lincoln are citizens of different states, complete diversity exists. The next question is whether the amount-in-controversy is satisfied.

**B. Amount-in-Controversy**

Subject matter jurisdiction is established where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C.S. § 1332. When, as here, "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); Ky. R. Civ. Pro. 8.01(2). Yet "[a] removal action is only proper based on the amount in controversy asserted in the removal notice 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).'" *Shupe Asplundh Tree Expert* Co., 566 Fed. App'x. 476, 481 (6th Cir. 2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Id.* (quotations omitted). Further, the removal statute is strictly construed and all doubts resolved in favor of remand. *Shupe*, 566 Fed. App'x at 481 (quotations omitted). To satisfy the preponderance of the evidence standard, the removing party must produce "competent proof" that the amount in controversy is met. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

> i. *Knoppe's Individual Claim.*

Knoppe and the Class seek the following: 1) declaratory relief to the extent that certain policy provisions are unenforceable, (2) "all available legal, equitable, declaratory, injunctive, and pecuniary/punitive relief," (3) reimbursement for Knoppe's "expenses incurred" in the prosecution of this action, (4) all other "appropriate and just" relief, and (5) a trial by jury. [DE 1-2 at 42]. Knoppe seeks $20,614 in past benefits. [DE 6 at ¶ 2(a)]. Lincoln asserts Knoppe could recover

7

about $50,000 in damages for mental anguish but does not support how it arrived at that amount. [DE 1 at ¶ 11(d)].

Knoppe also seeks punitive damages. [DE 1-2 at 42]. When punitive damages are unknown, as they are here, a ratio multiplier may be applied to determine the amount-in-controversy for jurisdictional purposes. *Heyman v. Lincoln Nat'l Life Ins. Co.*, No. 18-5622, 2019 WL 3229347, at *2 (6th Cir. July 18, 2019). In *Heyman*, the plaintiff was seeking all available legal remedies under his claim against insurance company defendant. [*Id*. at *4]. The plaintiff alleged that he was not receiving the proper amounts each month under his insurance policy. [*Id.* at *1]. The plaintiff sued in Jefferson County Circuit Court (Kentucky) and then the defendant removed the matter to federal court based on subject matter jurisdiction. [*Id*. at *2]. Both parties conceded diversity of citizenship, leaving the amount-in-controversy in dispute. [*Id*. at * 3]. The defendant argued that the jurisdictional requirement is satisfied by applying a ratio multiplier to the compensatory damages in determining the appropriate punitive damages. [*Id*. at *6]. The *Heyman* court agreed and held that a single digit multiplier is appropriate to determine the amount of punitive damages that may be recovered where the amount in controversy is in dispute. [*Id.* at *7].

Lincoln relies on *Heyman* for the proposition that Knoppe could recover punitive damages that are three times his compensatory damages, which would exceed the required threshold. *Id*. While there is no *per se* ratio, a reasonable multiplier may be applied for estimation. *Hacker v. Aetna Life Ins. Co.*, No. 6:18-CV-334-REW-HAI, 2019 WL 638369, at *1–2 (E.D. Ky. Feb. 13, 2019); *see also.*, *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853-54 (E.D. Ky. 2006). Additionally, when determining a reasonable multiplier courts have found that "single-digit multipliers are more likely to comport with due process" than extreme ratios. *State Farm*

*Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *McElroy v. Cordish Companies, Inc.*, No. 3:15-CV-390-DJH, 2016 WL 1069684, at *3 (W.D. Ky. Mar. 16, 2016). Applying a 3:1 ratio to Knoppe's compensatory damages, Lincoln demonstrates by a preponderance of the evidence that the amount in controversy is met, even without a clear showing for damages for mental anguish.[2]

> ii. *The Class Action Claim*

Even if Lincoln had not shown by a preponderance of evidence that Knoppe's individual claim meets the threshold, the amount-in-controversy is satisfied under the Class Action Fairness Act. "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.S. § 1332.

The purported class is limited to Kentucky residents. [DE 1-2 at ¶ 36]. Lincoln provides sufficient evidence the class is estimated at 153 people seeking $4,333,415 in past benefits, plus mental anguish damages, and punitive damages. [DE 12-1, Exhibit A]. The compensatory damages alone would total around $6.5 million, without having to determine an appropriate multiplier for punitive damages to meet the required threshold amount. [*Id.*]. The amount-in-controversy would thus also be satisfied because the putative class could exceed the $5 million-dollar threshold.

---

[2] The parties dispute whether future benefits should be included in the amount in controversy. Historically courts have not included the amount of future benefits to satisfy the jurisdictional threshold in insurance policy dispute cases like this one. *Mass. Casualty Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996); *Jones v. Life Ins. Co. of N. America*, 746 F.Supp.2d 850, 853 (W.D. Ky. 2010). Yet because the amount-in-controversy is satisfied without resort to future benefits, the Court need not reach this issue.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that Knoppe's Motion to Remand [DE 6] is **DENIED**; and the DOI's and Commissioner's Motion to Dismiss [DE 10] is **GRANTED**, for the reasons set forth above;

The claims against the DOI and Commissioner are **DISMISSED without prejudice** and the DOI and Commissioner are **DISMISSED** from this action under Federal Rule of Civil Procedure 21;

The Court will issue a Fed. R. Civ. P. 16 and 26 case management conference by separate order.

**IT IS FURTHER ORDERED**, the Motion to Remand being denied, that Knoppe shall respond to Lincoln's Motion to Dismiss [DE 5] within 14 days of the entry of this Order and Lincoln may file a reply as permitted by the Local Rules;[3]

**IT IS FURTHER ORDERED**, Lincoln's Motion to Dismiss [DE 5] is **ADMINISTRATIVLY REMANDED** to be **REINSTATED** on the Court's docket after briefing is complete.

Rebecca Grady Jennings, District Judge
United States District Court

January 9, 2020

---

[3] The Court stayed Knoppe's deadline to respond to the DOI's and Commissioner's Motion to Dismiss [DE 11] and Lincoln's Motion to Dismiss [DE 5], extending Knoppe's response time to fourteen days from the Court's ruling on Knoppe's Motion to Remand [DE 13].